UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROGER WATSON                                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO. 4:08cv4 DPJ-JCS

CITY OF MERIDIAN, MISSISSIPPI ET AL.                                            DEFENDANTS

ORDER

This negligence action is before the Court on motion of Plaintiff Roger Watson to remand this case to the County Court of Lauderdale County, Mississippi. Defendants City of Meridian and Tavaras D. Smith ("Smith") have responded in opposition. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, concludes that Plaintiff's motion should be granted.

I.      Facts/Procedural History

On December 5, 2006, Plaintiff filed the instant action in the County Court of Lauderdale County, Mississippi, asserting in his Complaint that the action was being filed "in accordance with the Mississippi Tort Claims Act" and that jurisdiction in Lauderdale County was proper "in accordance with the Mississippi Tort Claims Act." (Emphasis omitted). Negligence was the only cause of action listed in the Complaint. Defendants filed an answer on December 27, 2006 and stated therein, "The Defendants deny that the Plaintiff has asserted any federal claim." On January 28, 2008, Defendants removed the case to this Court, arguing removal was proper based on Plaintiff's responses to a couple of Defendants' requests for admission, which made it "apparent that the Plaintiff also wishes to litigate certain claims under federal law, presumably 42 U.S.C. § 1983." Defendants' Notice of Removal at 3. Plaintiff now moves to remand and

asserts that neither his original Complaint nor any amended Complaint alleged any cause of action under 42 U.S.C. § 1983.[1]

**II.    Analysis**

Defendants asserting federal question jurisdiction must remove cases during one of two thirty-day windows.  First, if the complaint states a federal question, the "notice of removal shall be filed within thirty days after the receipt" of the complaint.  28 U.S.C. 1446(b) (2006).  Second, "if the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Here, the parties agree that Plaintiff's original complaint alleged no claims under federal law; instead, Defendants contend that the following responses to Defendants' requests for admission constituted "other paper" because they demonstrated Plaintiff's desire to litigate federal questions:

> **REQUEST NO. 15:** Please admit that in this case you make no claim arising under any federal statute, regulation, constitutional provision or other federal law.
>
> **RESPONSE TO REQUEST NO. 15:** Denied.
>
> **REQUEST NO. 16:** Please admit that all claims which you assert in this case are governed by the Mississippi Tort Claims Act.
>
> **RESPONSE TO REQUEST NO. 16:** Denied.

---

[1] In his rebuttal, Plaintiff also raises issues regarding the timeliness of Defendants' response to the motion to remand and the requests for admission upon which Defendants base their response.  Because the Court has ruled in Plaintiff's favor on the merits of Defendants' "other paper" arguments, it need not address Plaintiff's procedural concerns.

Defendants' Response to Motion to Remand at 3.

Defendants are correct that responses to requests for admission *can* constitute "other paper" within the meaning of 28 U.S.C. § 1446(b). *Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 608–09 (S.D. Miss. 2007), *aff'd*, No. 07-60377, 2008 WL 444546 (5th Cir. Feb. 19, 2008). However, generally speaking, "[f]ederal [question] jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Rivot v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, no such claim has been pled.

The court in *Trotter v. Steadman Motors, Inc.*, faced a similar question. 47 F. Supp. 2d 791 (S.D. Miss. 1999). In that case, the defendant removed based on deposition testimony, and the court remanded, explaining that

> where . . . the allegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in the case. In other words, deposition testimony that does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled*, is not "other paper" from which it may be ascertained that the case is or has become removable.

47 F. Supp. 2d 791, 794 (S.D. Miss. 1999) (citation omitted).

The *Trotter* analysis was adopted by the Fifth Circuit Court of Appeals in *Eggert v. Britton*, in an unpublished, per curiam opinion holding that an interrogatory response could not fairly be understood to assert a § 1983 claim that did not appear in the complaint. 223 F. App'x 394, 397–98 (5th Cir. 2007). The court reasoned that

> [t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Under limited circumstances, courts have looked to "other paper" to establish federal

>question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law.

*Id.* at 397 (internal quotations and citations omitted); *see also Willis v. Life Ins. Co. of Ga.*, No. 4:02CV65, 2002 WL 32397242, at *4 (N.D. Miss. Apr. 24, 2002) ("Indeed, in the [c]ourt's view, a showing of federal question jurisdiction based on 'other paper' must be stronger than that required to demonstrate diversity jurisdiction. . . . Federal question jurisdiction . . . has ordinarily been determined by reference to the four corners of the complaint") (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)).

Like *Eggert* and *Trotter*, the present action involves a discovery response that contemplates a federal question. However, the allegations that form the basis of the alleged federal claim do not appear in the Complaint. Accordingly, the putative federal claim simply does not exist as cognizable cause of action in this case. *Trotter*, 47 F. Supp. 2d at 794.[2]

## III.   Conclusion

The Court has considered and rejected the remaining arguments in Defendants' submissions. Accordingly, for the reasons stated herein, Plaintiff's motion to remand is granted, and this case is remanded to the County Court of Lauderdale County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 31th day of March, 2008.

>s/ *Daniel P. Jordan III*
>UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff claims that he responded to Defendants' requests for admission as he did because he did not know how the facts might come out at trial. The Court assumes Plaintiff is not playing fast and loose with the courts, but notes that if Plaintiff were to amend his Complaint to raise a federal question, then Defendants would have an opportunity to again seek a federal forum.